NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCUS A. MALONE,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3036

---

Petition for review of the Merit Systems Protection Board in case no. CH-1221-11-0078-W-1.

---

Decided: August 13, 2012

---

MARCUS A. MALONE, Akron, Ohio, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Marcus A. Malone petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the Administrative Judge's ("AJ") decision dismissing Mr. Malone's individual right of action ("IRA") under the Whistleblower Protection Act ("WPA") for lack of jurisdiction. *Malone v. Dep't of Commerce*, 2011 MSPB LEXIS 5857 (Sept. 30, 2011) ("Final Order"); *Malone v. Dep't of Commerce*, 2011 MSPB LEXIS 1128 (Feb. 22, 2011) ("Initial Decision"). For the reasons explained below, we *affirm*.

BACKGROUND

Mr. Malone received a two-month temporary appointment, effective April 19, 2010, as an enumerator for the Census Bureau in Akron-Summit, Ohio. On June 13, 2010, six days before the appointment expired, the agency terminated Mr. Malone's appointment for lack of work, as noted on Standard Form 50.

Mr. Malone filed a complaint with the Office of Special Counsel ("OSC") on May 12, 2010, using Form 11. He filed additional entries of Form 11 on May 15, June 23, and July 1, 2010.

In a letter dated August 10, 2010, Angela Rush, a Complaints Examiner at OSC, informed Mr. Malone that OSC was "unable to infer that the decision to terminate [him] was in violation of 5 U.S.C. § 2302(b)(8)." Ms. Rush identified the following allegations from Mr. Malone's complaints: (1) that his cell phone was being tapped; (2) that he had previously recorded and exposed "organized crime clicks" that call themselves a Secret Society; (3) that his crew leader, Chad Archibald, falsified information when completing enumerator questionnaire forms; (4) that there is a conspiracy to terminate him; and (5) that

management officials show favoritism to "mob clicks" by dividing bonus checks at the end of the year. Ms. Rush explained that the OSC review found that there was no indication that Mr. Malone's termination was due to his report, and that he had failed to show his firing resulted from the subject of his complaint or that there was any connection between the termination and his disclosures.

On August 16, 2010, Mr. Malone responded to this preliminary determination in a letter to Ms. Rush. In this letter, he alleged that he had been misquoted, and he elaborated on his allegations against Mr. Archibald. Mr. Malone also alleged that Lina Coleman, a Census supervisor, had been involved in a conspiracy to terminate him based on his disclosures to the Census fraud line and OSC. In a letter dated August 25, 2010, Ms. Rush informed Mr. Malone that the file on his complaint had been closed, and that he had a right to seek corrective action from the Board.

On October 25, 2010, Mr. Malone filed his appeal with the Board. On November 1, 2010, the AJ issued an acknowledgement order. The AJ noted that it was unclear whether the Board had jurisdiction and ordered Mr. Malone to specifically identify, with detail, every alleged disclosure made, and further ordered Mr. Malone "to file evidence and argument to prove that this action is within the Board's jurisdiction." Mr. Malone timely filed a response on November 5, 2010, including an excerpt of his Form 11 submission of May 15, 2010, and his correspondence with OSC.

On November 26, 2010, the Department of Commerce filed a motion to dismiss for lack of jurisdiction under the WPA and, in the alternative, a response. The agency argued that Mr. Malone failed to establish jurisdiction because Mr. Malone failed to make a non-frivolous allega-

tion of whistleblowing activity in his OSC complaint or his Board appeal. On November 29, 2010, the AJ issued an order directing Mr. Malone to file a copy of his OSC complaint and any amendments to that complaint by December 10, 2010. Mr. Malone did not respond until February 9, 2011, well after the AJ's close of his file. Mr. Malone's response, moreover, did not include his OSC complaint. On February 14, 2011, the AJ rejected Mr. Malone's submission as untimely, finding that Mr. Malone had not shown good cause for the late filing. The AJ issued her initial decision dismissing Mr. Malone's claim for lack of jurisdiction on February 22, 2011, explaining that Mr. Malone had failed to establish the basis of his whistleblower claim filed with OSC and, therefore, he failed to make a non-frivolous allegation such that the Board could exercise jurisdiction. *Initial Decision* at *2-6.

Mr. Malone petitioned the Board for review on March 25, 2011. He submitted a DVD and DVD table of contents that he claimed showed the alleged errors made by the AJ. The DVD failed to play, and the Board requested that Mr. Malone file a written summary of the DVD with any documentary evidence that was on the DVD by June 23, 2011. Mr. Malone responded on June 27, 2011.

On September 30, 2011, the Board issued its final order denying Mr. Malone's petition for review. *Final Order* at *1. The Board first dismissed Mr. Malone's claims of adjudicatory error, finding no error in the AJ's rejection of Mr. Malone's late-filed submission on February 9, 2011. *Id.* at *5-10. While Mr. Malone had attempted to file his OSC complaint with the Board on appeal, the Board rejected it because Mr. Malone failed to show that it was unavailable prior to the close of the record below, despite his due diligence. *Id.* at *4 n.2.

The Board agreed that Mr. Malone's appeal should be dismissed for lack of jurisdiction. *Id.* at *10. The Board found that Mr. Malone could not prove that he exhausted his claims before OSC because his claims lacked clarity. *Id.* at *12. The Board stated that it was "unable to discern what alleged protected disclosures are before the Board and therefore cannot determine whether the appellant raised these same disclosures before OSC." *Id.* at *13. Mr. Malone timely filed his appeal of the final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

STANDARD OF REVIEW

Our standard of review in an appeal from the Board is limited by statute. 5 U.S.C. § 7703(c); *see Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1321 (Fed. Cir. 1999); *O'Neill v. Office of Pers. Mgmt.*, 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006). Whether the Board has jurisdiction over an appeal is a question of law, which we review *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999).

DISCUSSION

Under this court's precedent, the Board may exercise jurisdiction over an IRA appeal only if the appellant has exhausted his administrative remedies before OSC[1] and

---

[1]    Pursuant to 5 U.S.C. § 1214(a)(3), only an employee without a right of direct appeal to the Board is required to seek corrective action from OSC before seeking corrective action from the Board. *Briley v. Nat'l*

makes non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Dep't of Veterans Affairs*, 242 F.2d 1367, 1371-72 (Fed. Cir. 2001). The Board may consider only the disclosures of information and the personnel actions that an appellant raises in his complaint to OSC. *Briley*, 236 F.3d at 1377. To show exhaustion, the employee "must make allegations with sufficient detail to the OSC." *Langer v. Dep't of Treasury*, 265 F.3d 1259, 1268 (Fed. Cir. 2001).

The Board dismissed Mr. Malone's complaint because it was unable to determine whether he had exhausted his claims with OSC before appealing to the Board. *Final Order* at *13. Mr. Malone was ordered by the AJ to file his OSC complaint—the most helpful document for this determination—but he failed to do so. While Mr. Malone attempted to submit his OSC complaint to the Board with his petition for review, the Board rejected it because Mr. Malone failed to make a showing that, despite his due diligence, the complaint was not available when the record closed. *Id.* at *4 n.2 (citing 5 C.F.R. § 1201.115(d)). Without this complaint in the record, the Board attempted to piece together other documents from which it might have ascertained whether Mr. Malone had exhausted his complaint, including his correspondence with Ms. Rush at OSC and his appeal to the Board. *Id.* at *10-13. The Board found that the lack of clarity in Mr. Malone's claims in his appeal and in the documents in the

---

*Archives & Record Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001).

record prevented the Board from determining whether he had exhausted his claims before OSC. *Id.*

An examination of the record shows that Mr. Malone's correspondence with OSC is unclear and contradictory. The August 10, 2010, letter from Ms. Rush summarizes Mr. Malone's claims, including a general claim about Mr. Archibald, but does not provide any details about the alleged reprisal for Mr. Malone's disclosures. Mr. Malone's response to Ms. Rush's letter actually suggests that Mr. Archibald was attempting to terminate him due to prior whistleblowing activity not at issue on this appeal rather than for his call to the Census fraud line on May 13, 2010, or his complaint with OSC. It is also unclear from Ms. Rush's letter whether OSC investigated any claims against Ms. Coleman. Mr. Malone's correspondence with OSC suggests that he did not assert any claims about Ms. Coleman until after he received the August 10, 2010, letter closing his case. In examining the correspondence with OSC, we cannot determine the details of the claims raised by Mr. Malone or the extent of OSC's actions. In fact, the final letter from Ms. Rush on August 25, 2010, seems to suggest that Mr. Malone did not make his claims with enough specificity or clarity to provide OSC a sufficient basis for its investigation. *See Langer*, 265 F.3d at 1268.

Mr. Malone's allegations in his appeal to the Board are equally unclear. One possible interpretation of his allegations, based on their placement in the appeal form, is that Mr. Malone made protected disclosures *to* Mr. Archibald on May 11, 2010, and *to* Ms. Coleman on May 21, 2010. Another possible interpretation is that Mr. Malone made disclosures *about* Mr. Archibald and Ms. Coleman, and that there was a conspiracy to terminate him based on these disclosures. A third possible interpretation is that Mr. Malone made a protected disclosure

*about* Mr. Archibald *to* Ms. Coleman. With regard to any alleged reprisal for protected disclosures, Mr. Malone's allegations seem to suggest that such reprisal, which was allegedly carried out by Ms. Coleman, was due to Mr. Malone's disclosures to her or to the Census fraud line. Mr. Malone, however, also seems to be suggesting that Mr. Archibald was a part of the alleged reprisal against him. This contradicts his statements to OSC that Mr. Archibald's alleged reprisal was due to prior whistleblowing activities and not because of the whistleblowing at issue here. A reader cannot determine whom Mr. Malone allegedly accused of wrongdoing in his protected disclosures, to whom he allegedly made any protected disclosures, when he allegedly made these disclosures, which disclosures were the reason for the alleged reprisal, or who allegedly carried out the reprisal for the disclosures.

After examining the record, we agree with the Board that it lacked jurisdiction over this case due to an insufficient showing that Mr. Malone exhausted his claims before OSC. The AJ and the Board attempted to discern the nature of Mr. Malone's allegations from the documents timely filed in the record. Without Mr. Malone's OSC complaint, however, the AJ and the Board could not determine the nature of his complaint or the specific incidents at issue in OSC's investigation, and, therefore, could not determine whether he exhausted his remedies before OSC.

Finally, with regard to Mr. Malone's argument that the Board erred by failing to address the merits of his claims, the Board could not reach the merits in the absence of jurisdiction. *See Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 911 (Fed. Cir. 2008).

CONCLUSION

For the foregoing reasons, we find that the Board correctly dismissed Mr. Malone's claim for lack of jurisdiction. The decision of the Board is affirmed.

**AFFIRMED**

COSTS

Each party shall bear its own costs.